1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PRADYUMNA KUMAR SAMAL,

     Defendant/Movant,

     v.

UNITED STATES OF AMERICA,

     Plaintiff/Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO. _____

(No. CR18-0214 JLR)

MEMORANDUM IN SUPPORT OF
MOTION UNDER 28 U.S.C. § 2255  TO
VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN
FEDERAL CUSTODY

PRADYUMNA KUMAR SAMAL, the defendant/movant herein, by and through his attorney, Neil M. Fox, respectfully moves this Court pursuant to 28 U.S.C. § 2255 to vacate his sentence and order re-sentencing.

## I.    **Introduction**

In 2019, this Court sentenced Mr. Samal to serve 87 months in the custody of the Bureau of Prisons ("BOP") for mail fraud under 18 U.S.C. § 1341 (Count 1) and for failure to pay or collect or pay over tax under 26 U.S.C. § 7202 (Count 2).  Dkt. 83. Unfortunately, the Court imposed its sentence based on the wrong Guidelines provisions.

MEMORANDUM IN SUPPORT OF MOTION UNDER 28 U.S.C.
§ 2255  TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY
A PERSON IN FEDERAL CUSTODY - Page 1
*Samal v. United States*, C_____ (CR18-0214 JLR)

**Law Office of Neil Fox, PLLC
2125 Western Ave., Suite 330
Seattle, Washington 98121
206-728-5440**

1  A sentence based on the correct Guidelines range would significantly reduce the length
2  of incarceration in BOP.

3       United States Probation, defense counsel and the Government all wrongfully
4  believed that the proper guideline for Count 1 was found in U.S.S.G. § 2B1.1.  With
5  enhancements based upon various specific offense characteristics applicable to § 2B1.1,
6  the Court calculated Mr. Samal's total offense level as "28."  With a criminal history
7  category of "II," the Court determined the advisory range was 87 to 108 months. Dkt. 89
8  at 34-35, with the Court imposing the low end (87 months) of the range.

9       Actually, the proper guideline for Count I is found in § 2L2.1, not § 2B1.1:

10      The allegations underlying this count established an immigration visa fraud
    offense expressly covered by § 2L2.1. Therefore, the district court should
11      have followed the § 2B1.1(c)(3) cross-reference and applied § 2L2.1.

12  *United States v. Wang*, 944 F.3d 1081, 1084 (9th Cir. 2019).

13       The base level for this guideline is "11." The only specific offense characteristics
14  that apply are in § 2L2.1(b)(2), because the Government alleged that there were at least
15  100 forged documents (+9) (although the defense believed the number was under 100 with
16  only a "6" level increase).[1]  With the other adjustments already found by the Court in
17  2019,  for obstruction (+2 – § 3C1.1) and organizer (+ 4 – § 3B1.1) and adjusting for
18  acceptance of responsibility (-3 – § 3E1.1), the total offense level would be at most "23,"
19  if not "20." With a criminal history of "II," the advisory Guideline range would be at most
20  51-63 months, if not 37-46 months, not 87-108 months.

21       The failure of defense counsel to advocate for the proper Guideline range and their
22  concession that § 2B1.1 applied constituted ineffective assistance of counsel in violation
23  of the Sixth Amendment and *Strickland v. Washington*, 466 U.S. 668 (1984).  The remedy
24  is to vacate the judgment and to resentence Mr. Samal with the proper guideline range.

25

26

27      [1]    In their objections to the U.S. Probation report, defense counsel claimed that less
than 100 fraudulent documents were prepared. Ex. 1 at 1, ¶ 4 (redacted to remove work product
28  and private financial information).  The Government claimed the number was over 250. Ex 2 at
2, ¶ 2.

MEMORANDUM IN SUPPORT OF MOTION UNDER 28 U.S.C.
§ 2255  TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY
A PERSON IN FEDERAL CUSTODY - Page 2
*Samal v. United States*, C_____  (CR18-0214 JLR)

Law Office of Neil Fox, PLLC
2125 Western Ave., Suite 330
Seattle, Washington 98121
206-728-5440

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**II.     Jurisdiction and Timeliness**

Mr. Samal is currently in custody at the Federal Detention Center at SeaTac (Washington), BOP No. 40098-0086, serving the sentence imposed on him in this case in 2019. This petition is filed pursuant to 28 U.S. Code § 1651, 28 U.S.C. § 2241, 28 U.S.C. § 2255, FRAP 22, and the Rules Governing Section 2255 Proceedings.  This matter is timely.

The judgment was imposed on September 20, 2019. Dkt. 83.  Mr. Samal filed a timely appeal to the Ninth Circuit.  Dkt. 84.  The Ninth Circuit issued a memorandum opinion on June 11, 2020. Dkt. 98. Mr. Samal did not petition the United States Supreme Court for a writ of certiorari, and thus the judgment became final 150 days later.[2]  *See Clay v. United States*, 537 U.S. 522, 527 (2003); *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012).  This petition is filed within one year of the date that the judgment became final and thus is timely.  28 U.S.C. § 2255(f)(1).

**III.     Factual Background**

**a.     *The Charges***

On April 24, 2018, the Government filed a one-count Complaint, charging Mr. Samal with visa fraud in violation of 18 U.S.C. § 1546.  Dkt. 1. On September 12, 2018, a federal grand jury in the Western District of Washington returned a one-count Indictment against Mr. Samal, charging him with visa fraud in violation of 18 U.S.C. § 1546(a).   Dkt. 15. On April 5, 2019, the Government filed a Superseding Felony Information, charging Mr. Samal with one count of mail fraud, and one count of willfully failing to pay over employment taxes.  Dkt. 45.  A few days later, on April 9, 2019, the Government filed a Second Superseding Felony Information, charging M. Samal with one count of mail fraud in violation of 18 U.S.C. § 1341 (Count 1), and one count of willfully

---

[2]     The normal time for filing a petition for a writ of certiorari is 90 days, Supreme Court Rule 13, making September 9, 2020, as the date the judgment would normally have become final.  However, on March 19, 2020, due to COVID-19, the Supreme Court changed this time for filing a petition for a writ of certiorari to 150 days, Misc. Order 3/19/20, making the date of the finality of the judgment November 9, 2020.

MEMORANDUM IN SUPPORT OF MOTION UNDER 28 U.S.C. § 2255  TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY - Page 3
*Samal v. United States*, C_____ (CR18-0214 JLR)

Law Office of Neil Fox, PLLC
2125 Western Ave., Suite 330
Seattle, Washington 98121
206-728-5440

1  failing to pay over employment taxes in violation of 26 U.S.C. § 7202 (Count 2). Dkt. 47.

2  The charge in Count 1 stems from the allegation that Mr. Samal filed fraudulent work visa

3  petitions for foreign-national employees, *Id*. at 2-6, while the charge in Count 2 was based

4  on the allegation that Mr. Samal's businesses failed to pay over employment taxes to the

5  Internal Revenue Service ("IRS") for the certain time periods in 2017 and 2018. *Id*.

6      The charges related to two companies run by Mr. Samal, Divensi, Inc. ("Divensi")

7  and Azimetry, Inc. ("Azimetry"). Mr. Samal's companies were in part designed to fill an

8  important economic role by augmenting the U.S. workforce for companies needing

9  short-term information technology workers from abroad. The Government alleged that

10 Mr. Samal and his companies submitted false statements and fraudulent documents in

11 1-129 petitions and related materials to obtain H-1B visas for a "pool" of short-term

12 technology workers that allegedly gave Mr. Samal's companies a competitive advantage

13 over others. *See* Dkt. 47 at 5-6 (Second Superseding Information), Dkt. 78 at 5

14 (Government sentencing memo).[3]

15

16

17

18      [3]      Interestingly, in March 2020, the District Court for the District of Columbia issued
19 a decision striking down policies of the Citizenship and Immigration Service ("CIS') that
   improperly required the submission of various documents for H-1B visas that in fact, by law, did
20 not need to be submitted. *ItServe All., Inc. v. Cissna*, 443 F. Supp. 3d 14 (D. D.C. 2020). *See
   also Serenity Info Tech, Inc. v. Cuccinelli*, 461 F. Supp. 3d 1271 (N.D. Ga. 2020). This led to the
21 rescissions of prior policies requiring such documentation for the issuance of H-1B visas. U.S.
22 CIS PM-602-0114 (June 17, 2020).
   Https://www.uscis.gov/sites/default/files/document/memos/PM-602-0114_ITServeMemo.pdf;
23 See also News Alert, USCIS May Reopen H-1B Petitions Denied Under Three Rescinded Policy
   Memos (March 12, 2021)
24 (https://www.uscis.gov/news/alerts/uscis-may-reopen-h-1b-petitions-denied-under-three-resci
25 nded-policy-memos.

26      While Mr. Samal does not raise this point to minimize his acceptance of guilt, it is
27 important to recognize the lack of ultimate materiality of *some* of the alleged false statements,
   false statements on documents improperly required by CIS, which may be evidence in mitigation
28 of the sentence.

MEMORANDUM IN SUPPORT OF MOTION UNDER 28 U.S.C.
§ 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY
A PERSON IN FEDERAL CUSTODY - Page 4
*Samal v. United States*, C_____ (CR18-0214 JLR)

**Law Office of Neil Fox, PLLC**
**2125 Western Ave., Suite 330**
**Seattle, Washington 98121**
**206-728-5440**

### b.   <u>The Guilty Plea and Sentencing</u>

On April 11, 2019, Mr. Samal pled guilty to Counts One and Two under the Second Superseding Information.  Dkt. 51.  Mr. Samal admitted that Count 1, the mail fraud charge, was based on the preparation and submission of fraudulent immigration documents:

> More specifically, in his role as CEO, the Defendant prepared, and caused others at the Companies to prepare, fraudulent petitions and petition-related documents that the Companies submitted to the United States Citizenship and Immigration Services ("USCIS") and United States Department of State by means of U.S. Mail and commercial carrier. Through these petitions and related materials, referred to herein as "H-IB petitions," the Companies sought work status and visas for foreign-national employees under the specialty-occupation or "H-IB"-visa program. . . .
>
> . . .
>
>    The Defendant knowingly included and caused others to include materially false statements and material omissions about the nature and location of the purported employment that would be performed by each beneficiary. The Defendant falsely represented that the foreign-national employees had been earmarked for extant projects that they purportedly would perform at the Companies' offices.

Dkt. 51 at 7, ¶ 10(a).

In the plea agreement, the parties agreed to the use of gain as an alternative measure of loss under § 2B 1.1(b)(1), pursuant to application note 3(B), although the "parties agree that they are free to present arguments regarding the applicability of all other provisions of the United States sentencing Guidelines." Dkt. 51 at 11, ¶ 13. Further, Mr. Samal agreed to waive his right to appeal or to file a collateral attack petition "except as it may relate to the effectiveness of legal representation." Dkt. 51 at 13, ¶ 16(b).

In its Presentence Report, United States Probation calculated Mr. Samal's total offense level to be "33" with a criminal history category II. Ex. 3 at 10, 12 (filed under seal). Notably, U.S. Probation used the general fraud sentencing guideline, § 2B1.1 (2018), to compute Mr. Samal's offense levels for his mail fraud conviction under Count 1, despite that the underlying scheme clearly establishes an offense of visa fraud in violation of 18 U.S.C. § 1546.

MEMORANDUM IN SUPPORT OF MOTION UNDER 28 U.S.C. § 2255  TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY - Page 5
*Samal v. United States*, C_____ (CR18-0214 JLR)

**Law Office of Neil Fox, PLLC**
**2125 Western Ave., Suite 330**
**Seattle, Washington 98121**
**206-728-5440**

1    Specifically, U.S. Probation calculated the base offense level for mail fraud (Count

2    1) to be "7" under § 2B1.1(a)(1). Ex. 3 at 9. U.S. Probation then applied a sixteen-level

3    enhancement for the stipulated gain amount that resulted from the offense which exceeded

4    $1.5 million under § 2B1.1(b)(1). *Id.* U.S. Probation then applied a two-level enhancement

5    for sophisticated means and another two-level increase for using a means of identification

6    unlawfully to obtain another means of identification pursuant to § 2B1.1(b)(10) and

7    (b)(11)(C)(i), respectively. Next, U.S. Probation added a four-level role enhancement

8    under § 3B1.1(a), and a two-level adjustment for obstruction of justice under §3C1.1. *Id.*

9    Mr. Samal did not receive a decrease for acceptance of responsibility, although it was

10   recognized that Mr. Samal indicated his intentions of submitting a letter of acceptance of

11   responsibility for the court's review, but U.S. probation had yet to receive the letter at the

12   time of the report. *Id.* at 8.  U.S. Probation's report does not mention the cross-reference

13   provision set forth in § 2B1.1(c)(3).  Thus, U.S. Probation calculated the total offense

14   level for Count 1 as "33" and the offense level for Count 2 as "20." *Id.* at 10.

15   Mr. Samal's criminal history contains only one misdemeanor conviction of

16   computer intrusion, which stemmed from a previous contract dispute where Mr. Samal's

17   business completed web development projects for a client who did not pay for the

18   services. *Id.* at 11. Mr. Samal received two additional criminal history points pursuant to

19   § 4A1.1(d) because he allegedly committed the instant offense while on probation for his

20   prior conviction of computer intrusion. *Id.* at 12.   Consequently, U.S. Probation

21   determined that Mr. Samal's total criminal history score was "3"and his Criminal History

22   Category was II. *Id.*

23   On August 2, 2019, Mr. Samal's former counsel, Craig Suffian (associated with

24   Emma Scanlan) submitted objections to the U.S. Probation Report.  Ex. 1.  While counsel

25   disputed U.S. Probation's determination that Mr. Samal was responsible for submitting

26   250 false petitions to USCIS, noting he was responsible for less than 100 fraudulent

27   petitions, Ex. 1 at 1, ¶ 4, former counsel did not include any objection to the application

28

MEMORANDUM IN SUPPORT OF MOTION UNDER 28 U.S.C.
§ 2255  TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY
A PERSON IN FEDERAL CUSTODY - Page 6
*Samal v. United States*, C_____ (CR18-0214 JLR)

**Law Office of Neil Fox, PLLC**
2125 Western Ave., Suite 330
Seattle, Washington 98121
206-728-5440

1  of § 2B1.1 as opposed to § 2L2.1.  Counsel did object to various crime related

2  enhancements and posited that the total offense level was "21."  *Id*. at 5, ¶ 30.

3      The Government responded to Mr. Samal's objections, arguing that there was

4  evidence that "Samal's companies filed over 250 fraudulent petitions."  Ex 2 at 2, ¶ 2.

5  The Government also did not use § 2L2.1, but disputed Mr. Samal's various objections

6  to the crime related enhancements used by U.S. Probation.  Ex. 2.

7      On September 13, 2019, Mr. Samal's former counsel filed the Defense Sentencing

8  Memorandum, together with Mr. Samal's letter of acceptance of responsibility. Using §

9  2B1.1(a)(1) as a base, not mentioning § 2B1.1(c)(3) or § 2L2.1, counsel argued that the

10  total offense level for Count 1 was "24," with an advisory range of 57-71 months. Dkt. 76

11  at 3.   Counsel asked for a custodial sentence of 18 months. Dkt. 76 at 22.

12      In its sentencing memorandum, the Government sought a custodial sentence of 120

13  months. Dkt. 78 at 26.  The Government also relied on § 2B1.1, and argued that the total

14  offense level was 30 with an advisory Guideline range of 108-135 months. Dkt. 78 at 15.

15  The Government repeated its claims that "Samal prepared and signed at least 250 H-1B

16  petitions that claimed, falsely and under penalty of perjury, that the foreign-national

17  employees named in the petitions had been earmarked for purported specialty-occupation

18  projects, and that they would perform those projects at the petitioning company (i.e.,

19  Divensi's or Azimetry's) offices." Dkt. 78 at 4.  However, like Mr. Samal's lawyers, the

20  Government did not mention or apply § 2B1.1(c)(3) or § 2L2.1.

21      At the sentencing hearing held on September 20, 2019, this Court agreed with most

22  of the findings and recommendations of U.S. Probation, but rejected the two-level increase

23  for using a means of identification unlawfully to obtain another means of identification.

24  Dkt. 89 at 33-34.  After hearing Mr. Samal's statements that he had made a mistake and

25  would work to repay what he owed, the Court found his total offense level was 28 with

26  a Guidelines range of 87-108 months. *Id*. at 33-35.  The Court sentenced Mr. Samal to the

27  low end of this range, 87 months' imprisonment, on Count 1 and 60 months on Count 2,

28  to be followed by three years of supervised release.  Dkt. 83.

MEMORANDUM IN SUPPORT OF MOTION UNDER 28 U.S.C.
§ 2255  TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY
A PERSON IN FEDERAL CUSTODY - Page 7
*Samal v. United States*, C_____ (CR18-0214 JLR)

**Law Office of Neil Fox, PLLC**
**2125 Western Ave., Suite 330**
**Seattle, Washington 98121**
**206-728-5440**

1

2          **c.     *The Appeal***

3          Mr. Samal timely filed a notice of appeal.  Dkt. No. 91.  Although he raised a

4  different issue of ineffective assistance of counsel on appeal (involving the failure to

5  object to the criminal history calculation), the Ninth Circuit dismissed Mr. Samal's appeal

6  as it being barred by the appeal waiver in the plea agreement, but noted that "any claim

7  of ineffective assistance of counsel may be raised in a 28 U.S.C. § 2255 motion." Dkt. 98

8  at 2.

           **d.     *The 2255 Motion***

9          Contemporaneous with the filing of this memorandum, Mr. Samal is filing a

10 Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in

11 Federal Custody.  As noted, this motion is timely filed within the one year time limit of

12 28 U.S.C. § 2255(f)(1).

13     **IV.   <u>Argument</u>**

14          **a.     *Introduction***

15         Although Mr. Samal's prior counsel vigorously advocated on his behalf, obtaining

16 for their client a prison sentence significantly lower than the 120 months sought by the

17 Government, unfortunately counsel failed to point the Court to the correct Guideline

18 range.  Because the allegations of mail fraud in Count 1 were essentially allegations of

19 immigration visa fraud, "the district court should have followed the § 2B1.1(c)(3)

20 cross-reference and applied § 2L2.1." *United States v. Wang*, 944 F.3d at 1084.  As will

21 be shown below, the advisory Guideline range  for Count I was at least only 51-63 months

22 (if not 37-46 months), not 87-108 months.

23         The failure to point out the correct Guideline range constituted ineffective

24 assistance of counsel at sentencing in violation of the Sixth Amendment and *Strickland*.

25 Because calculation of the proper Guideline range is not only the "starting point" but the

26 "lodestar" of federal sentencing, "the court's reliance on an incorrect range in most

27 instances will suffice to show an effect on the defendant's substantial rights."

28 *Molina-Martinez v. United States*, ___ U.S. ___, 136 S. Ct. 1338, 1346-47, 194 L. Ed. 2d

---

MEMORANDUM IN SUPPORT OF MOTION UNDER 28 U.S.C.
§ 2255  TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY
A PERSON IN FEDERAL CUSTODY - Page 8
*Samal v. United States*, C_____  (CR18-0214 JLR)

**Law Office of Neil Fox, PLLC**
**2125 Western Ave., Suite 330**
**Seattle, Washington 98121**
**206-728-5440**

444 (2016).  Accordingly, the judgment in this case should be vacated and Mr. Samal should have a new sentencing hearing with the correct Guideline range being used.[4]

### b. *The Proper Guideline is § 2L2.1*

As noted above, the "starting point" and "lodestar" for calculating a federal criminal sentence is determining the advisory Guideline range. *Molina-Martinez v. United States*, 136 S. Ct. at 1346.  Although the parties and the Court relied on § 2B1.1 to calculate the Guideline range for the mail fraud conviction, in fact, the proper Guideline was § 2L2.1 involving immigration fraud offenses which results in a significantly different sentence structure.

According to the Statutory Index to the Guidelines, the offense guideline that generally applies to the mail fraud conviction under 18 U.S.C. § 1341 is § 2B1.1. U.S.S.G. App. A, Statutory Index.  However, the cross-reference provision of § 2B1.1 –  § 2B1.1(c)(3)[5] –  instructs a court to use an offense Guideline other than § 2B1.1 in calculating the offense level when the following requirements are satisfied:  First, § 2B1.1(c)(1) and (c)(2), which reference for offenses involving firearms, explosives, or arson type crimes, must not apply. § 2B1.1(c)(3)(A). Second, the conviction at issue must

---

[4]    The Guideline Range for Count 2 was 27 to 33 months (Adjusted Offense Level of "17," with a Criminal History Category of "II").  The Court imposed a 60 month custodial sentence (the maximum) for this count. Dkt. 83 at 2. Because the term was concurrent with the greater term for Count 1, the above-Guidelines sentence on Count 2 was not previously an issue. However, the Court should reconsider this sentence at the same time as it resentences Mr. Samal on Count 1.

[5]    § 2B1.1(c)(3) provides:

If (A) neither subdivision (1) nor (2) of this subsection applies; (B) the defendant was convicted under a statute proscribing false, fictitious, or fraudulent statements or representations generally (e.g., 18 U.S.C. § 1001, *§ 1341*, § 1342, or § 1343); and (C) the conduct set forth in the count of conviction establishes an offense specifically covered by an-other guideline in Chapter Two (Offense Conduct), apply that other guideline.

Emphasis added.

MEMORANDUM IN SUPPORT OF MOTION UNDER 28 U.S.C. § 2255  TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY - Page 9
*Samal v. United States*, C_____  (CR18-0214 JLR)

**Law Office of Neil Fox, PLLC**
**2125 Western Ave., Suite 330**
**Seattle, Washington 98121**
**206-728-5440**

1  be "under a statute proscribing false, fictitious, or fraudulent statements or representations

2  generally," which expressly includes 18 U.S.C. § 1341. § 2B1.1(c)(3)(B). Third, "the

3  conduct set forth in the count of conviction establishes an offense specifically covered by

4  another guideline in Chapter Two[.]" § 2B1.1(c)(3)(C). When these requirements are met,

5  the cross-reference provision instructs a court to "apply that other guideline." *Id.*

6  § 2B1.1(c)(3)'s commentary further clarifies that:

7  Subsection (c)(3) provides a cross reference to another guideline in
   Chapter Two (Offense Conduct) in cases in which the defendant is
8  convicted of a general fraud statute, and the count of conviction establishes
   an offense involving fraudulent conduct that is *more aptly covered by*
9  *another guideline*. Sometimes, offenses involving fraudulent statements are
   prosecuted under 18 U.S.C. § 1001, or a similarly general statute, although
10 the offense involves fraudulent conduct that is also covered *by a more*
   *specific statute*. Examples include false entries regarding currency
11 transactions, for which §2S1.3 (Structuring Transactions to Evade
   Reporting Requirements) likely would be more apt, and false statements to
12 a customs officer, for which §2T3.1 (Evading Import Duties or Restrictions
   (Smuggling); Receiving or Trafficking in Smuggled Property) likely would
13 be more apt. In certain other cases, the mail or wire fraud statutes, or other
   relatively broad statutes, *are used primarily as jurisdictional bases for the*
14 *prosecution of other offenses*. For example, a state employee who
   improperly influenced the award of a contract and used the mails to commit
15 the offense may be prosecuted under 18 U.S.C. § 1341 for fraud involving
   the deprivation of the intangible right of honest services. Such a case would
16 be more aptly sentenced pursuant to §2C1.1 (Offering, Giving, Soliciting,
   or Receiving a Bribe; Extortion Under Color of Official Right; Fraud
17 involving the Deprivation of the Intangible Right to Honest Services of
   Public Officials; Conspiracy to Defraud by Interference with Governmental
18 Functions).

19 § 2B1.1 cmt. n.17 (emphasis added.)

20 Following these instructions spelled out in the Guidelines, in *United States v.*

21 *Wang*, *supra*, the Ninth Circuit reversed and vacated a sentence in a mail fraud case where

22 the district court erred by applying § 2B1.1 to calculate the offense level rather than §

23 2L2.1 because the case really involved immigration visa fraud.  Mr. Wang had been

24 prosecuted for defrauding the United States into issuing H-2B nonimmigrant visas for 173

25 foreign construction workers in Guam.  Mr. Wang pled guilty to one count each of mail

26 fraud, visa fraud, money laundering, and willful failure to pay over tax. *Wang*, 944 F.3d

27 at 1084. The district court calculated an offense level of twenty-nine for Mr. Wang's mail

28 fraud conviction by applying § 2B1.1, including adding twenty levels pursuant to §

MEMORANDUM IN SUPPORT OF MOTION UNDER 28 U.S.C.
§ 2255  TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY
A PERSON IN FEDERAL CUSTODY - Page 10
*Samal v. United States*, C_____ (CR18-0214 JLR)

Law Office of Neil Fox, PLLC
2125 Western Ave., Suite 330
Seattle, Washington 98121
206-728-5440

2B1.1(b) as specific offense characteristics. *Id*. at 1084-85. Mr. Wang appealed and argued that, despite his lack of objection to the use of § 2B1.1, the judgment should be reversed under the plain error doctrine because the proper guideline was § 2L2.1. *Id*. at 1085.

The Ninth Circuit agreed and reversed.  The Circuit examined the conduct alleged in the indictment and found that the mail fraud count established a visa fraud offense specifically covered by § 2L2.1. *Id*. at 1087. Pursuant to § 2L2.1, Wang's offense level for the mail fraud conviction was twenty-two, significantly lower than the 29-offense level calculated under § 2B1.1. *Id*. at 1090. Thus, the Ninth Circuit concluded that the sentencing court plainly erred for failing to follow the cross-reference and for applying § 2B1.1 to Wang's mail fraud conviction, which affected Wang's substantial rights as well as "the fairness, integrity, or public reputation of judicial proceedings." *Id*. at 1088, 1090.

Although *Wang* came out in 2019, the case did not change the law in any respect. Rather, *Wang* explicitly followed the Ninth Circuit's established precedent from twenty years earlier in *United States v. Velez*, 113 F.3d 1035 (9th Cir. 1997).  In *Velez*, the defendant was convicted of several offenses that were part of a large-scale immigration fraud scheme. *Id*. at 1035-36. Velez sent hundreds of false immigration applications to the federal government, for which he charged applicants fees. *Id*. at 1036. The district court applied § 2F1.1, the then-applicable general fraud guideline, to calculate Velez's offense level. *Id*. at 1037. The district court added a 13-level loss enhancement to account for profit and sentenced Velez to a total of seventy-five months. *Id*.  Relying on the commentary to the general fraud guideline directing a court to apply another guideline which more aptly covered the conviction, the Ninth Circuit reversed and vacated Velez's sentences, finding that the more applicable guideline was § 2L2.1. *Id*. at 1037-39.  The Circuit specifically held that § 2L2.1 was the appropriate guideline for large scale immigration fraud:

> We find that the more applicable guideline is § 2L2.1. By its very title § 2L2.1 concerns false statements relating to naturalization and immigration. Additionally, its substantive language applies to large-scale conspiracies.

MEMORANDUM IN SUPPORT OF MOTION UNDER 28 U.S.C. § 2255  TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY - Page 11
*Samal v. United States*, C_____  (CR18-0214 JLR)

Law Office of Neil Fox, PLLC
2125 Western Ave., Suite 330
Seattle, Washington 98121
206-728-5440

1
2

> Indeed, this court last year applied § 2L2.1 to a conspiracy involving at least a thousand fraudulent documents from four different locations in the Los Angeles area. . . .

3

> . . .

4
5
6

> More to the point, it is apparent that § 2L2.1 includes large conspiracies involving fraudulent conduct in immigration matters; § 2L2.1(b)(1) takes into account whether profit is involved, and § 2L2.1(b)(2) takes into account trafficking in various amounts of documents - up to 100 or more.

*Velez*, 113 F.3d at 1038.[6]

7

*Wang* and *Velez* are also simply applications of well-established precedent. In

8
9

*United States v. Aragbaye*, 234 F.3d 1101 (9th Cir. 2000), *superseded on other grounds*

10

*by Guidelines amendment, as recognized in United States v. McEnry*, 659 F.3d 893, 899

11

n.8 (9th Cir. 2011), the Ninth Circuit held that the defendant's conviction under a "general

12

statute" criminalizing the presentation of a false, fictitious, or fraudulent claim against the

13

United States was properly sentenced under the tax guidelines, rather than the fraud

14

guideline, where the offense conduct "was at heart a scheme to file fraudulent tax returns

15

and thus 'could be considered on a par with' tax fraud." *Aragbaye*, 234 F.3d at 1105; *see*

16

*also id.* ("Although Appellant was charged under § 287 for presenting false claims against

17

the United States, the entire scheme was based on filing fraudulent tax returns.").[7]

18

Here, although Mr. Samal pleaded guilty to mail fraud under 18 U.S.C. § 1341, at

19

the heart of the scheme underlying his conviction, as alleged by the Government, was visa

20

fraud in violation of 18 U.S.C. § 1546, an offense specifically covered by § 2L2.1. *See*

21

22
23

[6]   *Citing United States v. Torres*, 81 F.3d 900 (9th Cir. 1996) (applying § 2L2.1 to a conspiracy allegedly involving a thousand fraudulent documents from four different locations in the Los Angeles area).

24
25
26
27
28

[7]   *See also United States v. Kuku*, 129 F.3d 1435, 1438-41 (11th Cir. 1997) (remanding for resentencing in case involving false statements on applications for social security cards based on district court's erroneous selection of fraud guideline, instead of § 2L2.1) (citing *Velez*); *United States v. Obiuwevbi*, 962 F.2d 1236, 1242 (7th Cir. 1992) (holding that district court properly sentenced defendant under guideline for currency reporting crimes, rather than under fraud guideline generally applicable to false statement crime, where indictment "essentially alleged" that defendant lied to avoid currency reporting requirements).

MEMORANDUM IN SUPPORT OF MOTION UNDER 28 U.S.C. § 2255  TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY - Page 12
*Samal v. United States*, C_____ (CR18-0214 JLR)

**Law Office of Neil Fox, PLLC**
**2125 Western Ave., Suite 330**
**Seattle, Washington 98121**
**206-728-5440**

1   Statutory Index to the Guidelines, U.S.S.G. App. A, Statutory Index. The elements of visa

2   fraud include: the defendant (1) knowingly (2) made a false statement (3) that was

3   material (4) and under oath (5) in an application required by the immigration laws or

4   immigration regulations. *See* 18 U.S.C. § 1546(a); *see also United States v. Chu*, 5 F.3d

5   1244, 1247 (9th Cir. 1993). The allegations contained in Mr. Samal's mail fraud count

6   match the elements of 18 U.S.C. § 1546(a).

7          Specifically, the mail fraud count alleges that Mr. Samal "knowingly," and "with

8   the intent to defraud," caused "materially" "false statements and fraudulent documents in

9   I-129 petitions and related materials . . . to be sent to the United States Department of

10  Homeland Security [] and United States Department of State []." Dkt. 47 at 2, 5, 6. The

11  crux of the scheme, as alleged by the Government, was that Mr. Samal's businesses,

12  Divensi, Inc. and Azimetry, Inc. fraudulently obtained H-1B work visas for

13  foreign-national employees for purposes of creating a pool of H-1B employees with

14  long-term work status, and then made profits by marketing those employees to large

15  corporate clients for short-term projects without informing those clients that the work

16  authorizations had been obtained through fraud. The false statements in I-129 petitions

17  and forged end-client letters asserted that the named employees had already been

18  earmarked for specialty-occupation projects and that the purported projects had durations

19  equal to the maximum period of time available under the H-1B program. In fact, the

20  Government alleged that the employees had not been earmarked for the projects described

21  in the petitions. *Id*. at 5-6.

22         Thus, it is patently clear that these allegations established an offense of visa fraud

23  in violation of 18 U.S.C. § 1546. *See Wang*, 944 F.3d at 1087 (applying the

24  cross-reference provision under U.S.S.G. § 2B1.1(c)(3) after comparing Wang's mail

25  fraud count with the elements of 18 U.S.C. § 1546(a)). This is further corroborated by the

26  fact that Mr. Samal was charged with visa fraud in two previous charging instruments in

27  this case. Dkt. 1, 15.  In addition, Mr. Samal's mail fraud count met the first and second

28  requirements of § 2B1.1(c)(3), because § 2B1.1(c)(1) and (c)(2) did not apply to his mail

MEMORANDUM IN SUPPORT OF MOTION UNDER 28 U.S.C.
§ 2255  TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY
A PERSON IN FEDERAL CUSTODY - Page 13
*Samal v. United States*, C_____ (CR18-0214 JLR)

Law Office of Neil Fox, PLLC
2125 Western Ave., Suite 330
Seattle, Washington 98121
206-728-5440

fraud conviction, and his conviction was under a general fraud statute. As such, the cross-reference provision applies.

Consequently, because § 2L2.1 more aptly and specifically covered the visa fraud offense that Mr. Samal's mail fraud conviction established, the Court should have followed the cross-reference and applied § 2L2.1 to this conviction. Under this section, the applicable advisory Guideline range would be calculated as follows:

| | | |
|---|---|---|
| § 2L2.1(a) | Base level | 11 |
| *§ 2L2.1(b)(2)(C)* | *100+ documents* | +9 |
| | **or** | |
| *§ 2L2.1(b)(2)(B)* | *25-99 documents* | +6[8] |
| § 3C1.1 | Obstruction of justice | +2 |
| § 3B1.1(a) | Organizer | +4 |
| § 3E1.1(a) | Acceptance of Resp. | -3 |

**Total**                                                          <u>23 or 20</u>

With a criminal history category of II,[9] the advisory Guideline ranges would either be 37-46 months or 51-63 months (depending on the number of fraudulent petitions).

**c.**   ***Mr. Samal Had the Right to Effective Assistance of Counsel at Sentencing***

The Sixth Amendment's right to counsel unquestionably extends to sentencing hearings, long understood to be a "critical stage" of a prosecution. *United States v. Yamashiro*, 788 F.3d 1231, 1234-35 (9th Cir. 2015). As such, a defendant has a right to counsel at sentencing. *See Mempa v. Rhay*, 389 U.S. 128, 136-37 (1967) (holding that

---

[8]   As noted above, fn 1, *supra*, prior counsel claimed that there were less than 100 fraudulent documents, while the Government claimed the number wsa over 250. Ex. 1 at 1, ¶ 4; Ex 2 at 2, ¶ 2. Either way, the advisory Guideline range is lower than that ultimately calculated by the Court. This difference will require resolution upon resentencing.

[9]   On appeal, Mr. Samal argued that the correct criminal history was "I" because he was not on probation at the time of beginning of the offenses in this case. He reserves the right to raise this issue in a resentencing hearing.

MEMORANDUM IN SUPPORT OF MOTION UNDER 28 U.S.C.
§ 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY
A PERSON IN FEDERAL CUSTODY - Page 14
*Samal v. United States*, C_____ (CR18-0214 JLR)

**Law Office of Neil Fox, PLLC**
**2125 Western Ave., Suite 330**
**Seattle, Washington 98121**
**206-728-5440**

1   Sixth Amendment right to counsel extends to sentencing proceedings, recognizing that

2   assistance of counsel "assume[s] increased significance when it is considered that . . . the

3   eventual imposition of sentence on the prior plea of guilty is based on the alleged

4   commission of offenses for which the accused is never tried.").

5        Accordingly, the Sixth Amendment guarantees the right of effective assistance of

6   counsel at sentencing which is measured by the two-part test set out in *Strickland v.*

7   *Washington*, 466 U.S. 668 (1984).  *See Lafler v. Cooper*, 566 U.S. 156, 165 (2012);

8   *Glover v. United States*, 531 U.S. 198, 202-04 (2001); *Daire v. Lattimore*, 812 F.3d 766,

9   767 (9th Cir. 2016) (*en banc*).  "Even though sentencing does not concern the defendant's

10  guilt or innocence, ineffective assistance of counsel during a sentencing hearing can result

11  in *Strickland* prejudice." *Lafler*, 566 U.S. at 165.

12        In 2016, in *Daire v. Lattimore*, *supra*, the Ninth Circuit, sitting *en banc*, overruled

13  prior circuit precedent[10] that had held that the Supreme Court had not definitively

14  determined that *Strickland* governed claims for ineffective assistance of counsel in

15  noncapital sentencing proceedings. *Daire* was based on the Supreme Court's decision in

16  *Glover*, which reversed a Seventh Circuit decision rejecting a claim under *Strickland*

17  where counsel had failed to argue that money laundering counts should be "grouped" with

18  other counts for sentencing purposes. Because "grouping" would only lower the offense

19  level by 2 points, the resulting range difference would only have been 6 to 21 months,

20  which, in the view of the Seventh Circuit, was not significant enough to satisfy the

21  prejudice prong of *Strickland*.  *Glover*, 531 U.S. at 199-202.  The Supreme Court held that

22  its own precedent did not support the engrafting of any additional prejudice onto the

23  *Strickland* standard:

24             Authority does not suggest that a minimal amount of additional time in
                 prison cannot constitute prejudice. Quite to the contrary, our jurisprudence

25             suggests that *any amount of actual jail time has Sixth Amendment*
                 *significance. . . .*

26

27

28         [10]    *Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1244 (9th Cir. 2005); *Davis v. Grigas*, 443 F.3d 1155, 1158 (9th Cir. 2006).

MEMORANDUM IN SUPPORT OF MOTION UNDER 28 U.S.C.
§ 2255  TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY
A PERSON IN FEDERAL CUSTODY - Page 15
*Samal v. United States*, C_____ (CR18-0214 JLR)

**Law Office of Neil Fox, PLLC**
**2125 Western Ave., Suite 330**
**Seattle, Washington 98121**
**206-728-5440**

. . .

The Seventh Circuit's rule is not well considered in any event, because there is no obvious dividing line by which to measure how much longer a sentence must be for the increase to constitute substantial prejudice. Indeed, it is not even clear if the relevant increase is to be measured in absolute terms or by some fraction of the total authorized sentence. . . . Although the amount by which a defendant's sentence is increased by a particular decision may be a factor to consider in determining whether counsel's performance in failing to argue the point constitutes ineffective assistance, under a determinate system of constrained discretion such as the Sentencing Guidelines it cannot serve as a bar to a showing of prejudice. . . .

. . .

We hold that the Seventh Circuit erred in engrafting this additional requirement onto the prejudice branch of the *Strickland* test. This is not a case where trial strategies, in retrospect, might be criticized for leading to a harsher sentence. Here we consider the sentencing calculation itself, a calculation resulting from a ruling which, if it had been error, would have been correctable on appeal.

*Glover*, 531 U.S. at 203-04 (emphasis added).

Under the two-prong standard of *Strickland*, first, a defendant must show that counsel's performance was so deficient that it "fell below an objective standard of reasonableness." *Strickland,* 466 U.S. at 686. Under *Strickland*'s second prong, prejudice, a defendant need not prove that "counsel's deficient conduct more likely than not altered the outcome in the case," but rather only must demonstrate there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 693-94.

With regard to the first prong of *Strickland*, as reflected in various restatements of professional standards,[11] part of the duty of effective representation at sentencing includes

_____

[11]     The Supreme Court has "long referred" to the ABA standards as "as guides to determining what is reasonable." *Wiggins v. Smith*, 539 U.S. 510, 524 (2003) (quoted in *Browning v. Baker*, 875 F.3d 444, 472 (9th Cir. 2017). Of course, "[r]estatements of professional standards . . . can be useful as 'guides' to what reasonableness entails, but only to the extent they describe the professional norms prevailing when the representation took place." *Bobby v. Van Hook*, 558 U.S. 4, 7 (2009).

MEMORANDUM IN SUPPORT OF MOTION UNDER 28 U.S.C.
§ 2255  TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY
A PERSON IN FEDERAL CUSTODY - Page 16
*Samal v. United States*, C_____  (CR18-0214 JLR)

Law Office of Neil Fox, PLLC
2125 Western Ave., Suite 330
Seattle, Washington 98121
206-728-5440

1   knowledge of the sentencing consequences. The Supreme Court has "recognized the
2   superior ability of trained counsel in the 'examination into the record, the research of the
3   law, and marshalling of arguments on [the client's] behalf.'" *Jones v. Barnes*, 463 U.S.
4   745, 751 (1983) (quoting *Douglas v. California*, 372 U.S. 353, 358 (1963)). This includes
5   an obligation for defense counsel to thoroughly investigate "law and facts relevant to
6   plausible options" for the defense, *Strickland*, 466 U.S. at 690, and a duty to investigate
7   the defendant's "most important defense." *Sanders v. Ratelle*, 21 F.3d 1446, 1457 (9th Cir.
8   1994).  *See also United States v. Boothroyd*, 403 F. Supp. 2d 1011, 1016 (D. Or. 2005)
9   ("Failure to investigate or prepare adequately for sentencing may render counsel
10  ineffective.").

11      Regarding sentencing issues, the American Bar Association's *Criminal Justice*
12  *Standards for the Defense Function* (4th ed. 2015)[12] provides in part:

13          (a) Early in the representation, and throughout the pendency of the
14      case, defense counsel should consider potential issues that might affect
        sentencing.  *Defense counsel should become familiar with* the client's
        background, *applicable sentencing laws and rules,* and what options might
15      be available as well as what consequences might arise if the client is
        convicted. . . .

16          (b) *Defense counsel's preparation before sentencing should include*
17      learning the court's practices in exercising sentencing discretion; the
        collateral consequences of different sentences; and the normal pattern of
18      sentences for the offense involved, *including any guidelines applicable for
        either sentencing* and, where applicable, parole.  The consequences
19      (including reasonably foreseeable collateral consequences) of potential
        dispositions should be explained fully by defense counsel to the client.

20
21          (c) *Defense counsel should present all arguments or evidence which
        will assist the court or its agents in reaching a sentencing disposition
22      favorable to the accused. . . .*

23  *Standard* 4-8.3 Sentencing (emphasis added).

24      In light of these minimum requirements for an attorney to be aware of the
25  sentencing consequences of a conviction and the duty to advocate on behalf of his or her
26  client at sentencing to protect the client's interests, courts have repeatedly found

27  ─────────────────
    [12]
28  Https://www.americanbar.org/groups/criminal_justice/standards/DefenseFunctionFourthEdition/
    (accessed 08/29/21).

MEMORANDUM IN SUPPORT OF MOTION UNDER 28 U.S.C.            **Law Office of Neil Fox, PLLC**
§ 2255  TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY       **2125 Western Ave., Suite 330**
A PERSON IN FEDERAL CUSTODY - Page 17                      **Seattle, Washington 98121**
*Samal v. United States*, C_____ (CR18-0214 JLR)         **206-728-5440**

1    ineffectiveness where attorneys failed in their role during this phase of a case, specifically

2    by failing to argue the proper sentence structure:

3         *    *United States v. Boothroyd*, 403 F. Supp. 2d at 1016 (failure
              to investigate and pursue the safety valve fell below the objective standard
4             of reasonableness);

5         *    *United States v. Rodriguez*, 676 F.3d 183 (D.C. Cir. 2012)
              (counsel did not advocate properly for a "safety valve");
6
7         *    *United States v. Franks*, 230 F.3d 811, 814 (5th Cir. 2000)
              (finding failure to dispute a sentencing enhancement under the guidelines
              to be unreasonable)
8
9         *    *United States v. Abney*, 812 F.3d 1079 (D.C. Cir. 2016)
              (counsel failed to move to continue sentencing to take advantage of Fair
              Sentencing Act, which would have arguably reduced mandatory minimum
10            by half);

11        *    *United States v. Tucker*, 603 F.3d 260 (4th Cir. 2010) (failure
              to object to use of prior conviction);
12
13        *    *United States v. Franks*, 230 F.3d 811, 814 (5th Cir. 2000)
              (finding failure to dispute a sentencing enhancement under the guidelines
              to be unreasonable);
14
15        *    *United States v. Washington*, 619 F.3d 1252 (10th Cir. 2010)
              (failing to understand the impact of "relevant conduct" under the sentencing
16            guidelines and, as a result, failing to adequately advise the defendant of the
              consequences);

17        *    *Theus v. United States*, 611 F.3d 441 (8th Cir. 2010) (counsel
              ineffective in failing to object either in the trial court or on appeal to the
18            district court's error in imposing a ten-year mandatory minimum sentence
              for a quantity of cocaine that required only a five-year minimum sentence);
19
20        *    *United States v. Leonti*, 326 F.3d 1111 (9th Cir. 2003)
              (attorney's failure to assist client's cooperation which led to failure of
              Government to file substantial assistance motion);
21
22        *    *Howell v. United States*, 2020 U.S. Dist. LEXIS 122467 at
              *11, 8:20-cv-476-T-27AEP (M.D. Fla, 7/13/20) ("An attorney's failure to
23            identify a guidelines error that results in a different range may constitute
              deficient performance.")

24            **d.    *Prior Counsel Was Ineffective***

25        Here, Ms. Scanlan's and Mr. Suffian's performance "fell below an objective

26   standard of reasonableness." *Strickland,* 466 U.S. at 686.  Although they fought to reduce

27   Mr. Samal's exposure to prison time and strongly advocated for a significantly lesser

28   sentence than the Government was recommending, they failed to object to the use of §

---

MEMORANDUM IN SUPPORT OF MOTION UNDER 28 U.S.C.
§ 2255  TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY
A PERSON IN FEDERAL CUSTODY - Page 18
*Samal v. United States*, C_____ (CR18-0214 JLR)

**Law Office of Neil Fox, PLLC**
**2125 Western Ave., Suite 330**
**Seattle, Washington 98121**
**206-728-5440**

2B1.1 to calculate the advisory Guideline range and in fact relied on that provision as well.  They failed to argue that the mail fraud conviction should have been cross-referenced to § 2L2.1, which would have led to a much lower advisory Guideline range than what the Court applied.  There could be no tactical reason not to apply a lower guideline range which clearly applied.

To be sure, the Ninth Circuit did not issue its decision in *Wang* until December 16, 2019 – about three months after sentencing in Mr. Samal's case.  However, as noted, *Wang* did not overrule any cases nor did it break new ground.  *Wang* relied on 20-year-old Circuit precedent in *Velez*.  Thus, even if *Wang* never came out, counsel's performance would still have been deficient for not arguing the proper cross-reference provision for Count I was § 2L2.1.

In terms of prejudice, in *Wang*, the Ninth Circuit held that the application of the wrong advisory Guideline that increased someone's sentence constituted "plain error" which implicated the defendant's substantial rights to "the fairness, integrity, or public reputation of judicial proceedings." *Wang*, 944 F.3d at 1090.  While the "plain error" standard does not literally apply here, the concept is similar to the prejudice required for *Strickland*. *See Griffith v. United States*, 871 F.3d 1321, 1339 (11th Cir. 2017) ("Whether the prediction of how often the use of an erroneously high guidelines range will result in prejudice differs depending on whether the issue is raised in the context of plain error review on direct appeal or as part of an ineffective assistance of counsel claim in a § 2255 proceeding is one we need not decide in this case. If Griffith proves the factual allegations he has made, he will have shown that counsel's failure to render reasonably effective assistance not only resulted in an erroneously higher guidelines range but it also caused the sentencing court to apply an inapplicable statutory mandatory minimum for Count 1.").

Moreover, the *Strickland* standard is met if there is only a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "When a defendant is sentenced under an incorrect

MEMORANDUM IN SUPPORT OF MOTION UNDER 28 U.S.C. § 2255  TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY - Page 19
*Samal v. United States*, C_____ (CR18-0214 JLR)

**Law Office of Neil Fox, PLLC**
**2125 Western Ave., Suite 330**
**Seattle, Washington 98121**
**206-728-5440**

Guidelines range—whether or not the defendant's ultimate sentence falls within the correct range—the error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error." *Molina-Martinez v. United States*, 136 S. Ct. at 1345.

Here, there is a reasonable probability that had prior counsel argued that the proper advisory Guideline should have been cross-referenced to § 2L2.1, the Court would have applied the lower range (as required by *Velez* and *Wang*), either 37-46 months or 51-63 months. *Strickland* prejudice is met.

**e.** ***If the Government Argues Waiver or Procedural Default Because this Issue Was Not Raised on the Direct Appeal, Prior Counsel Was Ineffective***

The procedurally proper way of raising a claim of ineffective assistance of counsel is by means of a § 2255 petition. *Massaro v. United States*, 538 U.S. 500, 504-06 (2003); *United States v. Walter-Eze*, 869 F.3d 891, 907 (9th Cir. 2017). This is exactly what the Ninth Circuit ruled in Mr. Samal's direct appeal, particularly in light of his appeal waiver. Dkt. 98 at 2 ("As the language of the appeal waiver contemplates, any claim of ineffective assistance of counsel may be raised in a 28 U.S.C. § 2255 motion.").

Mr. Samal's prior counsel raised an ineffectiveness argument on direct appeal, an argument related to the calculation of the criminal history (whether Mr. Samal was on probation or not at the time of the offense). However, counsel did not raise the issue raised in this motion. To the extent that the Government argues that Mr. Samal has in any way waived or procedurally defaulted the arguments raised in this motion, this Court should find that appellate counsel was ineffective in violation of the Fifth Amendment's Due Process Clause and *Evitts v. Lucey*, 469 U.S. 387 (1985).

## V.  **Conclusion**

As noted, Mr. Samal's lawyers, while clearly vigorous advocates, unfortunately missed the forest for the trees. They spent much time arguing about various crime related adjustments applicable to the wrong Guideline, rather than centering on the proper

MEMORANDUM IN SUPPORT OF MOTION UNDER 28 U.S.C. § 2255  TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY - Page 20
*Samal v. United States*, C_____ (CR18-0214 JLR)

**Law Office of Neil Fox, PLLC**
**2125 Western Ave., Suite 330**
**Seattle, Washington 98121**
**206-728-5440**

Guideline. Mr. Samal's Sixth Amendment rights were violated and the Court should grant relief by holding a new sentencing hearing.

DATED this 3rd day of September 2021.

Respectfully submitted,

s/ Neil M. Fox
Attorney for Defendant/Movant

MEMORANDUM IN SUPPORT OF MOTION UNDER 28 U.S.C. § 2255  TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY - Page 21
*Samal v. United States*, C_____ (CR18-0214 JLR)

**Law Office of Neil Fox, PLLC**
**2125 Western Ave., Suite 330**
**Seattle, Washington 98121**
**206-728-5440**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Verification*

I, Neil M. Fox, hereby verify that I am the attorney for Pradyumna Kumar Samal. I am filing this Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody on behalf of Mr. Samal at his request. I am verifying the motion, but I also verify this accompanying memorandum and know that the facts set forth in the petition and accompanying memorandum are true, either from my own personal knowledge or upon information and belief.

I certify or declare under penalty of perjury that the foregoing is true and correct.

Dated this 3rd day of September 2021, at Seattle, Washington.

s/ Neil M. Fox
Attorney for Movant

MEMORANDUM IN SUPPORT OF MOTION UNDER 28 U.S.C. § 2255  TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY - Page 22
*Samal v. United States*, C_____ (CR18-0214 JLR)

**Law Office of Neil Fox, PLLC
2125 Western Ave., Suite 330
Seattle, Washington 98121
206-728-5440**

CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of September 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to attorney of record for the Plaintiff and all other parties.

I certify or declare under penalty of perjury that the foregoing is true and correct.

Dated this 3rd day of September 2021, at Seattle, Washington.


s/ Neil M. Fox
Attorney for Movant

MEMORANDUM IN SUPPORT OF MOTION UNDER 28 U.S.C. § 2255  TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY - Page 23
*Samal v. United States*, C_____ (CR18-0214 JLR)

**Law Office of Neil Fox, PLLC**
**2125 Western Ave., Suite 330**
**Seattle, Washington 98121**
**206-728-5440**