UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PRADYUMNA KUMAR SAMAL,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

CASE NO. C21-1206JLR

ORDER DENYING
PETITIONER'S MOTION FOR
RECONSIDERATION/MOTION
FOR NEW TRIAL

## I.   INTRODUCTION

Before the court is Petitioner Pradyumna Kumar Samal's motion for

reconsideration and motion for new trial under Local Rule 7(h) and Federal Rule of Civil

Procedure 59 (Mot. (Dkt. # 17)) of the court's order denying his motion to vacate, set

aside or correct his sentence under 28 U.S.C. § 2255 and declining to issue a certificate of

appealability (1/4/22 Order (Dkt. # 15)) and the judgment dismissing the instant action

(Judgment (Dkt. # 16)).  Having carefully considered the motion, all submissions filed in

//

1   support of and in opposition to the motion, the relevant portions of the record, and the

2   applicable law, the court DENIES Mr. Samal's motion for reconsideration.

3   ## II.   BACKGROUND[1]

4        On September 3, 2020, Mr. Samal filed a motion to vacate, set aside, or correct his

5   sentence, alleging that his counsel were ineffective during sentencing.  (*See* 2255 Mem.

6   (Dkt. # 2) at 8; 2255 Mot. (Dkt. # 1) at 4.)  He argued that defense counsel were

7   ineffective at sentencing for failing to (1) object to the use of USSG § 2B1.1 to calculate

8   the advisory guideline range for count one and (2) direct the court to follow the USSG

9   § 2B1.1(c)(3) cross-reference and apply USSG § 2L2.1.  (*See* 2255 Mot. at 4; 2255 Mem.

10  at 8, 18-20.)  On January 4, 2022, the court denied Mr. Samal's § 2255 motion, denied

11  his request for a certificate of appealability, and entered a judgment dismissing his case.

12  (*See generally* 1/4/22 Order; Judgment.)

13       Mr. Samal now asserts that the court's order denying his § 2255 motion and

14  declining to issue a certificate of appealability was wrongly decided.  (*See generally*

15  Mot.)  Mr. Samal seeks reconsideration regarding four issues:  (1) whether the Ninth

16  Circuit's recent decision in *United States v. Jackson*, --- F.4th ---, 2022 WL 16874 (9th

17  Cir. Jan. 3, 2022), requires reconsideration of the Court's conclusion that the terms of the

18  plea agreement precluded use of the cross-reference in USSG § 2B1.1(c)(3); (2) whether

19  //

20

21     [1] This case's factual and procedural history, and that of the underlying criminal case,
Cause No. CR18-0214JLR, are set out in the court's January 4, 2022 order (*see* 1/4/22 Order)

22  and need not be repeated here.  Instead, the court discusses only the procedural history relevant
to the instant motion.

1   Mr. Samal's arguments in the traverse[2] regarding counsels' ethical obligations to their

2   client raised a new claim; (3) whether the Court should issue a certificate of appealability;

3   and (4) whether the requirement that only prisoners obtain a certificate of appealability,

4   but not the Government or a State, violates Equal Protection of the laws as protected by

5   the Due Process Clause of the Fifth Amendment to the United States Constitution.  (*See*

6   Mot. at 2.)

### III.   ANALYSIS

8        The court begins by setting forth the standard of review before turning to its

9   analysis of Mr. Samal's motion for reconsideration.

10  **A.    Standard of Review**

11        Pursuant to Local Civil Rule 7(h)(1), motions for reconsideration are disfavored,

12  and the court ordinarily will deny such motions unless the moving party shows (a)

13  manifest error in the prior ruling, or (b) new facts or legal authority which could not have

14  been brought to the attention of the court earlier through reasonable diligence.  Local

15  Rules W.D. Wash. LCR 7(h)(1); *see also Santiago v. Gage*, No. C18-5825RBL, 2020

16  WL 42246, at *1 (W.D. Wash. Jan. 3, 2020) (noting that the "term 'manifest error' is 'an

17  error that is plain and indisputable, and that amounts to a complete disregard of the

18  //

19

20  ──────────────────

[2] In the habeas context, many parties and courts use the terms traverse and reply
21  interchangeably.  *Compare* Rules Governing Section 2255 Proceedings for the United States
    District Courts, Rule 5 (using the term "reply"), *with* 28 U.S.C. § 2248 (using the term
22  "traverse[]" to refer to a reply).  Because Mr. Samal refers to his reply brief as a traverse in the
    instant motion (*see generally* Mot.), the court will refer to his reply as a traverse in this order.

controlling law or the credible evidence in the record'" (quoting Black's Law Dictionary 622 (9th ed. 2009))).

A party may also move for reconsideration after a judgment has been entered by filing a "motion to alter or amend a judgment" under Federal Rule of Civil Procedure 59(e).[3] *See Banister*, 140 S. Ct. at 1703-08 (noting that Rule 59(e) motions seeking reconsideration of the underlying decision, without raising entirely new claims, are permitted in habeas proceedings and are not a second or successive habeas petition). While Rule 59(e) permits a district court to reconsider and amend a previous order and judgment, the rule offers an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). In general, a Rule 59(e) motion may be granted if: (1) such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) such motion is necessary to present newly discovered or previously unavailable evidence; (3) such motion is necessary to prevent manifest injustice; or (4) the amendment is justified by an intervening change in controlling law. *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011); *see also Case v. Miller-Stout*, No. C12-0187MJP, 2015 WL 1538087, at

---

[3] Mr. Samal characterizes his motion, in part, as a "motion for new trial" under Rule 59 and contends that such a motion is "essentially the same as a motion for reconsideration" in the habeas context. (*See* Mot. at 1-2.) However, the case that he relies on for that assertion, *Banister v. Davis*, 140 S. Ct. 1698 (2020) (*see* Mot. at 2), does not discuss motions for a new trial under Rule 59 and instead provides that motions to alter or amend a judgment under Rule 59(e) are essentially the same as motions for reconsideration in the habeas context. *See Banister*, 140 S. Ct. at 1703-08. Accordingly, the court construes Mr. Samal's motion for new trial as a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) and treats the motion as a motion for reconsideration. *See id.*

1   *2 (W.D. Wash. Apr. 3, 2015) (noting that manifest error "is, effectively, clear error"

2   (citing *Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011))).

3         Motions for reconsideration "may not be used to relitigate old matters, or to raise

4   arguments or present evidence that could have been raised prior to the entry of

5   judgment." *See Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008); *Marlyn*

6   *Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009).

7   Further, a motion for reconsideration "should not be used to ask a court to rethink what

8   the court had already thought through—rightly or wrongly." *Santiago*, 2020 WL 42246,

9   at *1 (citing *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995)).

10  **B.      Mr. Samal's Motion for Reconsideration**

11        The court has reviewed the instant motion and finds that Mr. Samal has failed to

12  meet the standards discussed above.  None of the arguments raised in support of the

13  motion for reconsideration have any impact on the court's legal reasoning in denying the

14  Mr. Samal's § 2255 motion, declining to issue a certificate of appealability, and

15  dismissing his case.  The court addresses Mr. Samal's arguments regarding the four

16  issues that he seeks reconsideration of in turn.

17        Mr. Samal first contends that the court should reconsider its conclusion that the

18  plea agreement was "clear and unambiguous" and "bound the parties to apply USSG

19  § 2B1.1 to calculate count one's advisory guideline range."  (*See* Mot. at 3 (quoting

20  1/4/22 Order at 12-13).)  He argues that the Ninth Circuit's decision in *United States v.*

21  *Jackson* should alter the court's interpretation of the plea agreement.  (*See* Mot. at 4); see

22  also *Jackson*, 2022 WL 16874, at *5-8.  While he did not discuss the *Jackson* decision in

1  his traverse, as the opinion was issued after he submitted his brief, he did provide the

2  court with a supplemental citation to the decision prior to the court's entry of its order

3  denying his § 2255 motion.  (*Compare* 2255 Reply (Dkt. # 13), *with* 2255 Supp.

4  Authority (Dkt. # 14).)  Although the court's order did not cite to *Jackson*, the court did

5  take the *Jackson* decision under consideration when it interpreted the plea agreement and

6  concluded that the parties were bound to apply USSG § 2B1.1 to count one.  (*See*

7  *generally* 1/4/22 Order at 1, 11-13 (noting that the court reviewed Mr. Samal's

8  supplemental authority in ruling on his § 2255 motion).)  Moreover, the other arguments

9  that Mr. Samal raises regarding this issue essentially repeat the same arguments that he

10  raised in his original habeas pleadings.  (*See* Mot. at 3-5; *see also* 2255 Mot.; 2255 Mem.;

11  2255 Reply; 2255 Supp. Authority.)  Therefore, the court concludes that Mr. Samal has

12  neither pointed the court to new legal authority, nor shown manifest errors of law or fact

13  in the court's interpretation of the plea agreement, and thus declines to reconsider this

14  issue.

15       Second, Mr. Samal asks the court to reconsider its conclusion that the allegations

16  of ineffective assistance of counsel raised in his traverse constituted a new claim should

17  not be considered.  (*See* Mot. at 5-8.)  In Mr. Samal's § 2255 motion, he alleged that

18  defense counsel were ineffective at sentencing for failing to (1) object to the use of USSG

19  § 2B1.1 to calculate the advisory guideline range for count one and (2) direct the court to

20  follow the USSG § 2B1.1(c)(3) cross-reference and apply USSG § 2L2.1.  (*See* 2255

21  Mot. at 4; 2255 Mem. at 8, 18-20.)  In his traverse, he alleged for the first time that his

22  counsel were ineffective based on their failure to seek clarification on the scope of the

1    plea agreement with the Government and court and discuss the option of breaching the

2    plea agreement with him.  (*See* 2255 Reply at 2; 1/4/22 Order at 15 n.9.)  Because habeas

3    petitioners are required to "specify all grounds for relief available" in their § 2255

4    motion, and because courts within the Ninth Circuit often treat each distinct instance of

5    alleged ineffective assistance as its own claim or ground for relief, the court concluded

6    that the allegations raised in his traverse formed a new ineffective assistance of counsel

7    claim and declined to consider it.  (*See* 1/4/22 Order at 15 n.9); *see also Cacoperdo v.*

8    *Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994) ("A Traverse is not the proper pleading to

9    raise additional grounds for relief."); *Descoteaux v. United States*, No. CR16-5246BHS,

10    2019 WL 6251042, at *14 (W.D. Wash. Nov. 22, 2019) (declining to consider a new

11    allegation of ineffective assistance raised in a reply brief because it was a new ineffective

12    assistance of counsel claim); *Moore v. Chrones*, 687 F. Supp. 2d 1005, 1032-33 & n.17

13    (C.D. Cal. 2010) (same); Rules Governing Section 2255 Proceedings for the United

14    States District Courts, Rule 2(c)(1) (instructing that the habeas petition must "specify all

15    the grounds for relief available" to the petitioner).

16        Mr. Samal acknowledges that "without an amendment to the original petition, new

17    *claims* should not be raised in the traverse."  (*See* Mot. at 6.)  He argues, however, that he

18    did not raise a new claim for relief in his traverse because all of his allegations of

19    ineffective assistance of counsel should have, in effect, retroactively merged and been

20    considered as a single claim.  (*See id.* at 6-7 (citing *Browning v. Baker*, 875 F.3d 444, 471

21    (9th Cir. 2017)).)  His reliance on *Browning v. Baker* to support this assertion is

22    misplaced.  (*See* Mot. at 6-7.)  In *Browning*, the Ninth Circuit found that, for the purposes

1   of granting a certificate of appealability, it was inappropriate for the district court to

2   separate out individual "claims" of ineffective assistance of counsel based on different

3   instances of alleged misconduct and certify only some of those "claims" for appeal.  *See*

4   *Browning*, 875 F.3d at 471.  Thus, if a court concludes that some "aspects of counsel's

5   performance" warrant a certificate of appeal, the court should evaluate the counsel's

6   "performance in the context of the entire proceeding," and issue a certificate of appeal

7   that covers the entire deficient performance.  *McGill v. Shinn*, 16 F.4th 666, 678-79 (9th

8   Cir. 2021) (citing *Browning*, 875 F.3d at 471).

9        But *Browning* does not in any way prohibit a court from evaluating counsel's

10  performance, in the first instance, by separating the specific instances of alleged

11  misconduct into distinct ineffective assistance of counsel claims.  Indeed, courts within

12  this circuit do so regularly.  *See, e.g.*, *Descoteaux*, 2019 WL 6251042, at *14 (evaluating

13  each distinct allegation of ineffective assistance of counsel as a separate claim; *Sanchez v.*

14  *Neuschmid*, No. 218CV02947DSFMAA, 2021 WL 1192001, at *3 (C.D. Cal. Feb. 17,

15  2021), *report and recommendation adopted sub nom. Sanchez v. Matteson*, No.

16  218CV02947DSFMAA, 2021 WL 1577825 (C.D. Cal. Apr. 22, 2021) (same).

17  Therefore, the court concludes that Mr. Samal has not shown manifest error in the court's

18  decision to treat the allegations raised in his traverse as a new ineffective assistance of

19  counsel claim, and thus declines to reconsider this issue.[4]

20

21        [4] Even if the court reconsidered its treatment of the allegations raised in Mr. Samal's
     traverse as a "new claim," it would still conclude, as it did in its order denying Mr. Samal's
22  § 2255 motion, that he fails to establish ineffective assistance of counsel under *Strickland v.*
     *Washington*, 466 U.S. 668 (1984) as to those allegations:

1      Third, Mr. Samal asks the court to reconsider its decision not to issue him a

2    certificate of appealability.  (*See* Mot. at 2, 8.)  Besides repeating arguments that he

3    already raised in his original habeas pleadings and concluding that the court erred in

4    denying him a certificate of appealability, Mr. Samal has not identified manifest errors of

5    law or fact underlying this decision.  (*See id.* at 8.)  Accordingly, the court declines to

6    reconsider its denial of a certificate of appealability.

7      Finally, Mr. Samal asks the court to reconsider an issue that he did not raise in his

8    original habeas pleadings:  "[w]hether the requirement that only prisoners obtain a COA,

9    but not the Government or State, violates Equal Protection of the laws as protected by the

10   Due Process Clause of the Fifth Amendment to the United States Constitution."

11   (*Compare* Mot. at 2, 8-12, *with* 2255 Mot., 2255 Mem., *and* 2255 Reply.)  While Mr.

12   Samal could have raised this alternative argument in his briefing in support of his § 2255

13   motion, he did not, and he does not offer any justification for his failure to do so.  (*See*

14   *generally* Mot.; 2255 Mot.; 2255 Mem.; 2255 Reply.)  "[B]ecause this is an entirely new

15   argument, there can be no question of 'manifest error in the prior ruling;' the [c]ourt

16   cannot have ruled in error on an argument never before raised."  *Castello v. City of*

17

18

19     Even if the court were to consider the merits of this claim, it would conclude that Mr.
     Samal fails to establish that he suffered any discernable prejudice from their alleged
     ineffectiveness, for the same reasons Mr. Samal fails to establish prejudice regarding his

20   other ineffective counsel claims.  Further, the court cannot conclude that his counsel were
     ineffective for failing to discuss an argument with him that, had it been raised at
     sentencing, would have breached his plea agreement.

21

22   (*See* 1/4/22 Order at 15 n.9 (first citing *Baumann v. United States*, 692 F.2d 565, 572 (9th Cir.
     1982); and then citing *Strickland*, 466 U.S. at 689-91).)

ORDER - 9

*Seattle*, No. C10-1457MJP, 2011 WL 219671, at *4 (W.D. Wash. Jan. 24, 2011) (quoting

Local Rules W.D. Wash. LCR 7(h)(1)); *see also Marlyn Nutraceuticals*, 571 F.3d at 880

("A motion for reconsideration 'may not be used to raise arguments or present evidence

for the first time when they could reasonably have been raised earlier in the litigation.'"

(quoting *Kona Enters.*, 229 F.3d at 890)).  Mr. Samal's constitutional challenge to the

certificate of appealability requirement is improperly raised in the instant motion for

reconsideration and therefore the court declines to consider his arguments as to this issue.

    In sum, because Mr. Samal has not presented new "legal authority which could not

have been brought to the attention of the court earlier" or shown "manifest error" in the

court's decision (*see* Local Rules W.D. Wash. LCR 7(h)(1); *Herron*, 634 F.3d at 1111),

the court DENIES his motion for reconsideration of the court's order denying his § 2255

motion and declining to issue a certificate of appealability (*see generally* 1/4/22 Order)

and the judgment dismissing the instant action (*see generally* Judgment).

## IV.    CONCLUSION

    For the foregoing reasons, the court DENIES Mr. Samal's motion for

reconsideration and motion for new trial (Dkt. # 17) of the court's order denying his

motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 (Dkt. # 15) and

the judgment dismissing the instant action (Dkt. # 16).

//

//

//

//

Dated this 20th day of January, 2022.

JAMES L. ROBART
United States District Judge